William Timothy SAVAGE, aka Tim Savage, aka W. T. Savage dba Savage Construction, and W. T. Savage Concrete, Inc., Plaintiffs,

v.

The INDUSTRIAL COMMISSION of Utah, Gary Wayne Hillis, Exquisite Homebuilders, Inc., and the State Insurance Fund, Defendants.

No. 14603.

Supreme Court of Utah.

June 8, 1977.

Louis M. Haynie, Salt Lake City, for plaintiffs.

Robert B. Hansen, Atty. Gen., Robert D. Moore and Gregory C. Diamond, of Rawlings, Roberts & Black, Salt Lake City, for defendants.

SAWAYA, District Judge:

This is a proceeding to review a decision of the Industrial Commission which established that plaintiff was the employer of the defendant Gary Wayne Hillis. Plaintiff is here urging that the order of the Commission which requires plaintiff to pay to Hillis an amount claimed by him as damages from an industrial accident be set aside.

A look at appropriate statutes is necessary to determine whether this court can set aside the decision and order of the Commission.

Section 35–1–85, U.C.A.1953, reads:

After each formal hearing, it shall be the duty of the commission to make findings of fact and conclusions of law in writing and file the same with its secretary. *The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review*; such questions of fact shall include ultimate facts and the findings and conclusions of the commission. The commission and every party to the action or proceeding before the commission shall have the right to appear in the review proceeding. Upon the hearing the court shall enter judgment either affirming or setting aside the award. [Emphasis added.]

Clearly the court, pursuant to the foregoing section and in the absence of an obvious abuse of discretion or under circumstances where the ruling is contrary to the evidence, does not have the authority to review findings of fact made by the Commission, and by implication, has only the power to consider issues of law dealing with the Commission's decisions. This would then require the court to initially determine the nature of the issue presented to and ruled upon by the Commission. It seems apparent that the question of whether the defendant Hillis was the employee of the plaintiff is one which, if in a court of law, would be a jury question and therefore an issue of fact, and clearly under the foregoing section, one which once determined by the Commission is not subject to review and is final and conclusive on those affected thereby.

Section 35–1–84, U.C.A.1953, also limits the review of these matters by the court. That section provides in part as follows:

.   .   .   Upon such review the court may affirm or set aside such award, but only upon the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the findings of fact do not support the award.

Looking at the evidence and the record in the light most favorable to the Commission's findings, as we are obliged to do, the court will not interfere with the orders of the Commission unless it appears contrary to law or contrary to the evidence. Following a careful review of the evidence we must conclude that there is ample evidence to support the findings and conclusions of the Commission.

The decision of the Commission is affirmed.

ELLETT, C. J., and HALL, J., concur.

MAUGHAN, J., concurs in main opinion and also in Justice CROCKETT'S concurring opinion.

CROCKETT, Justice (concurring):

I think it appropriate to point out that since the enactment of Sec. 35–1–84 and 85, U.C.A.1953, as part of our original Workmen's Compensation Act, Sec. 87 of Chap. 100, S.L.U.1917, there have been many adjudications upon that statute. They explain that the provision that the findings of fact shall not be subject to review is subject to the proposition that they must be supported by substantial evidence, or as otherwise sometimes stated, there must be a reasonable basis in the evidence to support them. Otherwise, the recital of purported findings of fact, not being on a sound foundation, are not valid as findings of *fact;* and the issue is ruled upon as a matter of law. For a lucid exposition of this principle see *Norris v. Industrial Commission,* 90 Utah 256, 61 P.2d 413 by Justice Wolfe; for other examples see also *Continental Casualty Co. v. Industrial Commission,* 75 Utah 220, 284 P. 313; *Kavalinakis v. Industrial Commission,* 67 Utah 174, 246 P. 698; *Moray v. Industrial Commission,* 58 Utah 404, 199 P. 1023.

WILKINS, J., having disqualified himself, does not participate herein.