Carl WISEMAN, Plaintiff,

v.

VILLAGE PARTNERS and Continental Casualty, Defendants.

No. 15729.

Supreme Court of Utah.

Dec. 26, 1978.

William B. Parsons, III, Salt Lake City, for plaintiff.

Leonard H. Russon, Salt Lake City, for defendants.

MAUGHAN, Justice:

Carl Wiseman filed a claim for workmen's compensation benefits arising out of an injury, which he allegedly received in the course of his employment. After hearing testimony and examining a report made by a medical panel, an administrative law judge denied the award. The Industrial Commission affirmed this decision and denied a motion for review. We affirm. Unless otherwise indicated, statutory reference is to the Workmen's Compensation Act, Utah Code Ann. Sec. 35–1–1 to Sec. 35–1–106 (1974 and Supp.1977).

The plaintiff apparently fell from a ladder while he was changing a sign in the course of his employment, as a motel manager, for defendant Village Partners. The next day, June 23, 1975, he was treated by a physician for an injury to his knee. Several months later, the plaintiff saw another physician for treatment of back and leg pains.

At the hearing plaintiff contended this back pain resulted in his partial disability and stemmed from the June, employment-related accident. The medical records of plaintiff's second physician, however, indicated (1) plaintiff's back problems arose in February, 1975, some four months prior to the accident, and (2) plaintiff had a spondylolysthesis which antedated the accident. In addition, the later medical examination performed by the commission-appointed panel revealed no objective symptoms of plaintiff's trouble.

The evidence presented at the hearing as to the cause of plaintiff's back injury was contradictory. The plaintiff, relying in part on evidence and theories not raised at the hearing, asks us to accept his version of the facts as "logical and . . . entitled to at least as much weight as the supposition of counsel for defendant." He claims the administrative law judge did not review the evidence before him, and was confused by the arguments of counsel.

Our disposition of this matter is governed by Section 35–1–84:

> Upon . . . review [of the commission's award] the court may affirm or set aside such award, but only upon the following grounds: (1) That the commission acted without or in excess of its powers; (2) That the findings of fact do not support the award.

In a case decided under an identical standard of review, this Court said:

> [W]e cannot reverse and compel an award unless there is credible evidence *without substantial contradiction* which points so clearly and persuasively in plaintiffs' favor that failure to so find must be regarded as capricious and arbitrary. Conversely, if there is *any* reasonable basis in the evidence, or from the lack of evidence, which will justify the refusal to so find, we must affirm.[1] [Emphasis supplied.]

We may not weigh "the contradictory evidence for the purpose of interposing our own judgment as to what the facts are."[2]

Construing the evidence in a light most favorable to sustaining the findings and order of the commission,[3] we feel there was substantial evidence supporting the commission's denial of an award.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

1. *Garner v. Hecla Mining Co.*, 19 Utah 2d 367, 370, 431 P.2d 794, 796 (1967) (Utah Occupational Disease Disability Law, Utah Code Ann., Sec. 35–2–38 (1974)).

2. *Clinger v. Industrial Commission*, Utah, 571 P.2d 1328, 1329 (1977).

3. *See Savage v. Industrial Commission*, Utah, 565 P.2d 782 (1977); *cf. Garner v. Hecla Mining Co.*, 19 Utah 2d 367, 431 P.2d 794 (1967) (Utah Occupational Disease Disability Law).