The CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, and Ivan L. Thurman, Defendants.

No. 15640.

Supreme Court of Utah.

Jan. 16, 1979.

329

Joseph C. Rust of Kirton, McConkie, Boyer & Boyle, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Salt Lake City, for Industrial Comm.

Ralph R. Tate, Jr., Salt Lake City, for Thurman.

HALL, Justice:

Review of an order of the Industrial Commission awarding workmen's compensation to one Ivan Thurman for injuries he allegedly sustained while working for Plaintiff. We reverse.

Thurman is employed by Plaintiff as a janitor of a meetinghouse. On March 31, 1976, he was following his typical routine of setting up chairs and tables in preparation for a weekly scheduled meeting. He en-

gaged in only his usual activities and had no complaint of pain while working. When he became somewhat tired, he sat down and rested for about five minutes. Upon hearing the telephone ring, he stood up suddenly and for the first time, felt a sharp pain in his lower back. The pain caused him to sit down again and rest. After resting, Thurman was able to continue work but not without pain. He reported the problem to his supervisor the next day and subsequently sought medical assistance. It was determined that he had suffered a herniated disc which ultimately required an operation. The administrative law judge ruled that a compensable "accident" had occurred while Thurman was "working" in plaintiff's meetinghouse and the Industrial Commission gave an award. Subsequently a petition for writ of review was filed with this Court pursuant to U.C.A., 1953, 35–1–83.

The sole question we are called upon to answer is whether there is sufficient evidence in the record to support the finding that Thurman sustained an accidental injury on the job.[1] The only facts relating to the claimed accident were presented by the testimony of Thurman, and there is nothing contained therein that warrants a conclusion that an accident occurred. There is nothing in his testimony that shows anything unusual about his activities that shows any unusual exertion or strain, or that shows any contact with objects or a fall. There was simply nothing different about his activities on the day in question than on any other such working day.

The following excerpts from Thurman's testimony are demonstrative of the fact that no accident occurred:

Q. When you were setting up those tables on that, I believe you said a Wednesday morning, was this a routine that you normally engage in every Wednesday?
A. Yes.
Q. You talked about the pattern of activity that you'd had on Wednesdays over the many years that you've been a jani-

---

1. As a prerequisite to obtaining an award of compensation under Utah's Workmen's Compensation Act, a claimant must establish that he was injured "by accident arising out of or in the course of his employment." U.C.A., 1953, 35–1–45.

tor. My question is, prior to the time you sat down on the chair when you felt tired, was there anything in your activities, as far as what you had to do that morning, in the way of setting up chairs or tables or doing any of your janitorial activity, that was in any way unusual or out of the ordinary from your normal activity for that particular day?

A. No.

To be considered along with the testimony of Thurman is the opinion of the medical panel which reads in pertinent part as follows:

It is the opinion of the Medical Panel that at that time when Mr. Thurman *arose from his chair, degenerated disc material, as we all have,* protruded into or partway through the surrounding ligament, the anulus fibrosus, and that by the time he developed his leg pain, the disc material had progressed far enough through the anulus fibrosus surrounding the nucleus pulposis that it was then pressing on the nerve root and in this way and to this degree there is a causal relationship between the claimant's problems and complaints and the activity at that time. [Emphasis added.]

This Court has previously defined the term "accident" arising out of or in the course of employment as that which "connotes an unanticipated, unintended occurrence different from what would normally be expected to occur in the usual courts of events."[2] The facts of this case in no way fit that definition. Simply because the first onset of pain occurred during working hours, it does not follow that there is a compensable "injury."

The case of *Redman Warehousing Corp. v. Industrial Commission*[3] is closely in point on the law and on the facts and is dispositive here. In that case a truck driver experienced back pain during one of his trips. He was subsequently hospitalized for a herniated disc. A medical panel found that his

driving precipitated the problem and could have aggravated a pre-existing condition since there was some evidence of disc degeneration. He had been performing exactly the same kind of work over an 11-year period and there was nothing different about this particular trip from others. This Court then stated:

There is nothing in this record that shows any unusual event, or 'accident' if you please, justifying compensability within the nature, intent or spirit of the workmen's compensation act. To conclude otherwise, would insure every truck driver, every railroad engineer, every airline pilot and a lot of others, against a *physiological malfunction or physical collapse of any of hundreds of human organs, completely unproven as to cause, but compensable only by virtue of the happenstance that the malfunction, collapse or injury occurred while the employee was on the job and not home or elsewhere.* [Emphasis added.]

The evidence does not support the Industrial Commission's conclusion that an "accident" had arisen out of or in the course of Thurman's employment. The order of the Commission is therefore reversed and remanded with instruction to dismiss Thurman's claim.

ELLETT, C. J., and CROCKETT, J., concur.

WILKINS, Justice (dissenting):

I respectfully dissent.

On March 31, 1976, Ivan Thurman was employed by the Church as a janitor of a meetinghouse in Midvale, Utah. That morning, Thurman was setting up tables and chairs for a meeting therein. He felt fine as he began the work, but as he continued, he experienced unusual fatigue and weakness in his arms and back. Despite the weakness and fatigue, he continued setting up chairs and tables until he finished

2. *Carling v. Industrial Comm.*, 16 Utah 2d 260, 399 P.2d 202 (1965); see also, *Graybar Electric Co. v. Ind. Comm.*, 73 Utah 568, 276 P. 161 (1929).

3. 22 Utah 2d 398, 454 P.2d 283 (1969).

preparing the rooms for the meeting. He then sat down to rest. After Thurman had relaxed in a chair for a few minutes, the telephone rang, and as he stood up to answer it, he felt a sharp pain in his lower back. The pain caused him to sit down again. He was able to continue work but not without pain, and he subsequently received medical treatment.

Upon these facts, the Industrial Commission awarded compensation on November 3, 1977. On November 18, 1977, the Commission entered a supplemental order amending the award in part. A petition for writ of review was filed with this Court on January 27, 1978, pursuant to Utah Code Ann., 1953, Sec. 35–1–83. All other statutory references are also to this code.

On appeal, the Plaintiff asks this Court to reverse the finding of the Commission that Thurman was injured "by accident arising out of or in the course of his employment" as is required by the Utah Workmen's Compensation Act as a prerequisite to obtaining an award of compensation. Sec. 35–1–45.

Our power to review such a finding by the Commission is limited. Under the Workmen's Compensation Act (hereafter "Act") it is the prerogative of the Industrial Commission to find facts. Sec. 35–1–85 reads in relevant part as follows:

> The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review .  .  . . .

Further, Sec. 35–1–84 provides in part:

> Upon such review the court may affirm or set aside such award, but only on the following grounds: (1) That the commission acted without or in excess of its powers; (2) That the findings of fact do not support the award.

This Court has interpreted these sections as establishing the rule that the Commission's findings of fact shall not be subject to review by this Court if there is substantial evidence furnishing a reasonable basis to support such findings. See concurring opinion of Justice Maughan in *Savage v. Industrial Commission*, Utah, 565 P.2d 782 (1977); *Evans v. Industrial Commission*, 28 Utah 2d 324, 502 P.2d 118 (1972); *Hackford v. Industrial Commission*, 14 Utah 2d 184, 380 P.2d 927 (1963).

Hence, the question we must answer is whether there is substantial evidence furnishing a reasonable basis to support the finding of the Commission that Thurman was injured by accident arising out of or in the course of his employment.

The Act does not itself define the word "accident," but this Court has interpreted the term to mean an occurrence of an unintended, unforeseen and unusual event. *Carling v. Industrial Commission*, 16 Utah 2d 260, 399 P.2d 202 (1965). Perhaps the most common incident to qualify as an accident is where an employee is struck by an object or where he falls and strikes a portion of his body against an object. An incident need not, however, include contact by an object with the employee's body in order to constitute an accident. It is settled beyond question that an internal failure brought about by over-exertion in the course of employment may qualify as an accident within the meaning of the Act. *Id.; Jones v. California Packing Corp.*, 121 Utah 612, 244 P.2d 640 (1952).

The Act requires that the accident arise *out of* or *in* the course of employment. Sec. 35–1–45. An accident arises *out of* the course of employment if there is a causal connection between the employment and the accident. *M & K Corporation v. Industrial Commission*, 112 Utah 488, 189 P.2d 132 (1948). An accident arises *in* the course of employment if it occurs on the premises where the work is being performed, *Edwards v. Industrial Commission*, 87 Utah 127, 48 P.2d 459 (1935).

The Commission's finding of an accident is supported by claimant's testimony and the reports of two physicians who examined claimant after the injury. Claimant testified that he felt unusual fatigue while lifting chairs and tables, and that shortly after the lifting, he experienced sharp back pain. Two physicians who examined claimant reported that there was a causal connection between the heavy lifting and the injury.

The medical panel concluded that claimant's injury was not caused by a pre-existing condition. Certainly these testimonies constitute substantial evidence to support the Commission's finding of a compensable injury.

Our decision in *Redman Warehousing Corp. v. Industrial Commission*, 22 Utah 2d 398, 454 P.2d 283 (1969), is easily distinguishable from the instant case. In *Redman*, the Commission had found the sitting and driving by the employee of the employer's car as the cause of the back injury suffered by claimant. This Court reversed an award of compensation on the ground that there was a complete absence of competent proof to support any finding with respect to the cause of injury. Here there is substantial evidence of causation.

It should also be noted that this Court has repeatedly held that the Workmen's Compensation Act should be liberally applied in favor of coverage of the employee. See *Askren v. Industrial Commission*, 15 Utah 2d 275, 391 P.2d 302 (1964). We have often pointed out that any doubt concerning the right to compensation should be resolved in favor of the employee. See *M & K Corporation v. Industrial Commission*, ante. I discern no reason for departing from these well-established and salutary rules in this case.

Thus, in my opinion, there is ample support in the law and evidence for the award of compensation and we therefore ought to affirm the decision of the Commission.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.