PAINTER MOTOR COMPANY and the State Insurance Fund, Plaintiffs,

v.

Howard C. OSTLER and the Industrial Commission of Utah, Defendants.

No. 16598.

Supreme Court of Utah.

Sept. 8, 1980.

M. David Eckersley of Black & Moore, Salt Lake City, for plaintiffs.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, S. Rex Lewis, Provo, for defendants.

MAUGHAN, Justice:

Plaintiffs seek review of the Industrial Commission's order awarding workmen's compensation benefits to defendant, Howard C. Ostler. We affirm the Commission Order. All statutory references are to Utah Code Annotated, 1953, as amended.

The defendant, Howard Ostler, hereinafter "Ostler," was employed by Painter Motor Company as a parts manager for approximately eleven years prior to March 4, 1977. On that date, Ostler was directed by his employer to assist an electrician in the installation of electrical boxes. The job consisted of scaling a ladder and drilling holes for the electrical boxes by holding a large drill up and away from defendant's body. After performing the work for sometime, the defendant noticed the onset of intensifying back and shoulder pain. Alterations were made in the work procedure and Ostler continued working.

Subsequently, on July 5, 1977, while loading and moving boxes of parts pursuant to his employer's relocation, the defendant again experienced intensifying pain in his back. Following consultation with a local doctor the defendant's back problems were treated surgically by extending a previous lumbar fusion. Ostler had an extensive history of back difficulties requiring two prior surgeries. However, these operations were successful and the defendant experienced no problems with his back from the date of the last operation in 1968 to the incident now in question.

On March 14, 1978, Ostler filed an application for workmen's compensation benefits in relation to the medical expenses and lost time associated with his most recent back problems. A formal hearing was held and after submission of the problem to a medical panel, the administrative judge entered an order denying benefits. Ostler then presented a motion for review of the administrative decision by the Commission as

a whole which reversed the prior decision and awarded the requested benefits to the defendant.

The sole issue on appeal is whether or not the defendant's injuries were the result of an "accident" as required by 35–1–45.

We have previously defined the term "accident" as an unanticipated, unintended occurrence different from what would normally be expected to occur in the usual course of events.[1] Thus, if an employee incurs unexpected injuries, including internal failures caused by the duties of his employment he is eligible for compensation under 35–1–45.[2]

From its interpretation of the facts of the instant situation, the Industrial Commission concluded the defendant's present back problems were caused by his employment activities relating to the installation of the electric equipment and the manipulation of heavy boxes incident to the relocation of his employer's business. This conclusion was arrived at after a formal hearing on the matter and the appropriate referral of medical issues to a medical panel.[3] The determination of the causal connection between the injury and the employment and thus the question of the existence of a compensable accident arising out of or in the course of employment is to be made by the Commission and is subject to review by this Court in accordance with 35–1–85. Thus, this Court will normally not disturb such findings unless they are arbitrary or capricious or without substantial support in the evidence.[4]

In the present case the Commission's determination that the injury was compensable is not arbitrary or capricious and finds substantial support in the evidence presented. Therefore, we affirm the Commission's determination granting compensation to the defendant.

CROCKETT, C. J., and WILKINS, J., concur.

HALL and STEWART, JJ., concur in the result.

1. See *Carling v. Ind. Comm.*, 16 Utah 2d 260, 399 P.2d 202, 203 (1965); *Graybar Electric Company v. Industrial Commission*, 73 Utah · 568, 276 P. 161 (1929).

2. As Justice Wolfe elucidated in *Robertson v. Industrial Commission*, 109 Utah 25, 163 P.2d 331 (1945): "Thus where exertion or overexertion in the course of employment causes disability or death, . . . compensation should be allowed." at 338 (dissenting opinion).

3. See *Lipman v. Industrial Commission*, Utah, 592 P.2d 616 (1979).

4. See *Wiseman v. Village Partners*, Utah, 589 P.2d 754 (1978).