**FRITO-LAY, INC. and National Union Fire Insurance, Plaintiffs,**

v.

**Don C. JACOBS, Jr., and the Industrial Commission of Utah, Defendants.**

No. 19468.

Supreme Court of Utah.

Sept. 17, 1984.

Henry K. Chai, II, Salt Lake City, for appellants.

David Maddox, Murray, Gilbert A. Martinez, Second Injury Fund, Salt Lake City, for respondents.

## PER CURIAM:

Plaintiffs petition this Court for review of an order of the Industrial Commission awarding claimant Jacobs (hereinafter "defendant") workmen's compensation benefits. The only question presented is whether defendant suffered a compensable accident in the course of his employment.

Defendant is a route salesman for Frito-Lay. He is paid a salary plus commission for supplying Frito-Lay products to stores and other places of business. On January 4, 1980, defendant went to the warehouse to pick up sufficient products to restock his customers' shelves after the holiday season. Defendant usually handloaded the products on his truck, but because of the volume required on this date he stacked about 20 cases of "Cheetos" on a handtruck and wheeled it to the loading dock.[1] He then attempted to pull the handcart up eight inches onto his truck. As he was pulling, he felt a pop in his back and dropped the handcart. He immediately notified his supervisor of the incident but continued working. During the weeks and months that followed, defendant suffered intermittent pain in his lower back and right leg. On December 3, 1980, at his wife's insistence, defendant went to a doctor for treatment. He later went to another doctor for a second opinion. After reviewing a CT scan, this second doctor recommended surgery for a herniated disk, which finally was accomplished on May 3, 1982. Defendant worked continuously until just before his operation, and he was released to return to work on July 19, 1982.

The case was heard by an administrative law judge, who referred the medical aspects to a medical panel. The panel found that the surgery of May 3, 1982, was necessitated by the accident of January 4, 1980, and that defendant had sustained a ten percent permanent partial impairment as a result thereof.[2] The panel also found ten

---

**1.** Defendant estimated the weight of the "Cheetos," plus the handcart to be approximately 200 pounds.

**2.** Defendant had injured his back prior to the incident on January 4, 1980. In May, 1979, he thought he pulled a muscle when he stooped over to pick up a case of "Cheetos." In November, 1979, he again pulled a muscle, although he could not remember the specific circumstances. In each of those incidents, defendant's condition subsided after one or two chiropractic adjustments.

percent permanent partial impairment due to a preexisting injury to defendant's right knee. The administrative law judge adopted the panel's findings and entered awards in favor of defendant against plaintiffs (for the back injury) and the second injury fund (for the preexisting knee condition). The Industrial Commission denied plaintiffs' motion for review and affirmed the order of the administrative law judge. Plaintiffs thereupon petitioned for review by this Court.

Plaintiffs contend that defendant is not entitled to compensation since his injuries did not result from an industrial accident. They claim the administrative law judge erroneously based the award on the fact that on the date of the accident defendant varied from his "normal procedure."

 This Court has held that a person is not entitled to workmen's compensation where it is only by virtue of happenstance that the injury occurred at the workplace. *Redman Warehousing Corp. v. Industrial Commission,* 22 Utah 2d 398, 454 P.2d 283 (1969). A compensable accident is "an unanticipated, unintended occurrence different from what would normally be expected to occur in the usual course of events." *Carling v. Industrial Commission,* 16 Utah 2d 260, 399 P.2d 202 (1965). Whether an accident has occurred in a given case is basically a factual question best left to the Industrial Commission. *Sabo's Electronic Service v. Sabo,* Utah, 642 P.2d 722 (1982). Our review is limited to assessing whether the Commission's findings are arbitrary or capricious, wholly without cause, contrary to the one inevitable conclusion from the evidence, or without any substantial evidence to support them. *Kaiser Steel Corp. v. Monfredi,* Utah, 631 P.2d 888 (1981). In the instant case, there is abundant evidence that the accident of January 4, 1980, occurred as the result of unusual stress and abnormal activities relating to employment.

Affirmed.