**EMERY MINING CORPORATION and Energy Mutual Insurance Company, Plaintiffs,**

v.

**Tim William DeFRIEZ and the Industrial Commission of Utah, Defendants.**

No. 19473.

Supreme Court of Utah.

Dec. 6, 1984.

---

**2.** U.C.A., 1953, § 76–3–405.

David Lloyd, Salt Lake City, for plaintiffs.

Virginius Dabney, Salt Lake City, for defendants.

PER CURIAM

Plaintiffs seek review of an order of the Industrial Commission awarding workmen's compensation benefits to Tim William DeFriez. The specific question presented is whether DeFriez had suffered a compensable "accident" in the course of his employment.

DeFriez was employed by Emery Mining Corporation (hereinafter "Emery") as a mechanic trainee at an underground coal mine. In the early morning of February 9, 1983, DeFriez was asked to change the oil in the gear box of a piece of mining machinery with which he was unfamiliar. To remove the oil plug, he had to lie on his back and crawl under the machine into a space ten to twelve inches in height. Using an allen wrench, DeFriez loosened the plug and then unscrewed it by hand. When the plug was almost out, oil began to drip. The machine had been running about an hour before, and the oil was quite hot. DeFriez expected that when the plug was completely removed the oil would run down in a single stream so as to permit him to move to one side and casually crawl out. Instead, the oil came out in a spray, and DeFriez had to extricate himself quickly to avoid getting covered with hot oil. In sliding out of the crawl space and in twisting as he stood up (to avoid colliding with part of the machinery), DeFriez felt a pain in his lower back. He immediately reported the incident to his supervisor and went directly to a hospital for treatment of a strained back.

DeFriez was under a doctor's care until he was released to return to work on March 14, 1983. He filed a workmen's compensation claim with Emery, which claim was denied. The reasons given for the denial were that the injury did not arise out of or in the course of employment and that the physical symptoms were attributable to or directly related to a prior injury.

DeFriez requested a hearing, which was conducted on July 19, 1983, before an administrative law judge of the Industrial Commission. DeFriez was the only witness. He testified as to his injury of February 9, 1983, and on cross-examination admitted to preexisting back problems.[1] The administrative law judge held that DeFriez's injuries were compensable although his injury did not result from a classic type of accident (involving a fall or lifting heavy weights). The law judge acknowledged the preexisting back problem as being a "predisposing factor," but found the injury to have resulted from a clearly identifiable, work-related accident. The law judge relied heavily upon the facts, finding DeFriez's actions in extricating himself from under the machinery as being akin to an emergency.[2] DeFriez was awarded a total of $1,298.29 in temporary total disability plus medical expenses.

In a motion for review before the Industrial Commission, Emery challenged the law judge's determination that DeFriez's injuries resulted from an industrial accident as defined by this Court. After reviewing the transcript and file, the Industrial Commission denied the motion for review and affirmed the order of the administrative law judge. Emery thereupon petitioned for writ of review by this Court.

Emery urges this Court to reexamine the definition of "accident" as set forth in some of our recent cases.[3] It suggests the

---

**1.** DeFriez testified that he had injured his upper back on January 25, 1983, while taking a karate class. Even before that incident, he had received regular treatments from a chiropractor.

**2.** The fact that the incident was reported immediately was considered important in the law judge's determination.

**3.** *Billings Computer Corp. v. Tarango,* Utah, 674 P.2d 104 (1983); *Pittsburgh Testing Laboratory*

standard is inconsistent and confusing. We disagree. We have consistently held that a finding of accident hinges on "an unanticipated, unintended occurrence different from what would normally be expected to occur in the usual course of events."[4] That is primarily a factual question best left to the Commission. Our inquiry is limited to:

[W]hether the Commission's findings are "arbitrary or capricious," or "wholly without cause" or contrary to the "one [inevitable] conclusion from the evidence" or without "any substantial evidence" to support them. Only then should the Commission's findings be displaced.[5]

Under this standard, there is sufficient evidence to sustain the Commission's determination that DeFriez's injuries resulted from an industrial accident. The order awarding benefits is therefore affirmed.

v. Keller, Utah, 657 P.2d 1367 (1983); Sabo's Elec. Serv. v. Sabo, Utah, 642 P.2d 722 (1982).

**4.** Carling v. Industrial Comm'n, 16 Utah 2d 260, 399 P.2d 202 (1965).

**5.** Kaiser Steel Corp. v. Monfredi, Utah, 631 P.2d 888 (1981).