**Don J. HONE, Plaintiff,**

v.

**J.F. SHEA COMPANY and the Industrial Commission of Utah, Defendants.**

**No. 19709.**

Supreme Court of Utah.

Nov. 18, 1986.

---

Joseph E. Tesch, Heber, Robert B. Denton, Robert W. Brandt, Michael K. Mohrman, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Gilbert Martinez (2nd Inj), Salt Lake City, for defendants.

DURHAM, Justice:

The claimant, Don J. Hone, appeals from a decision of the Industrial Commission (Commission) denying his claim for workers' compensation for a back injury suffered while at work. We reverse and remand for further findings of fact.

The claimant began working for J.F. Shea Company on a project north of Currant Creek, Utah, on November 1, 1982. On November 19, 1982, while putting on a pair of coveralls, the claimant heard a snapping sound in his back, saw stars, and felt pain. The company nurse advised him to see a doctor in Heber City. He was driven about fifteen miles to his truck, and he then drove another forty-five miles to Heber. Prior to this incident the claimant had suffered no back problems.

Doctors diagnosed the claimant's back injury as low lumbar sprain with spasms of both paravertebral muscle masses, commonly known as "back spasms." While in the hospital he also suffered from pulmonary embolisms with lung abscess and pneumonia. He returned to work in April 1983, but could not perform his job because of breathing problems. He has not suffered any back problems since his hospital release in January 1983.

The claimant filed for workers' compensation benefits pursuant to U.C.A., 1953, § 35–1–45. An administrative law judge denied that claim on the ground that the

incident described by the claimant was not a compensable accident. The Commission then denied the claimant's motion for review and affirmed the decision of the administrative law judge. The Commission wrote:

> The testimony offered at the time of the Hearing indicates that, although some stress occurred in getting to the work site, the incident precipitating the injuries was the everyday action of getting into a suit of heavy and unwieldy coveralls. No accident occurred during the periods of exertion immediately prior to the precipitating event. Testimony by the applicant indicated that the snap in his back occurred prior to any type of slip or fall. The event subsequent to the snap are [sic] in question because of conflicting testimony. There is no history of prior industrial injuries (or non-industrial injuries) to the low back which would support a theory of cumulative trauma, as in the *Monfreidi* [sic] case. [*Kaiser Steel Corp. v. Monfredi*, 631 P.2d 888 (Utah 1981)].

The claimant argues four issues on appeal: He first asserts that the administrative law judge and the Commission arbitrarily and capriciously refused to consider evidence of prior stress and tension in finding that no accident occurred within the meaning of the Workers' Compensation Act. Second, he claims that the administrative law judge erred in refusing to allow the claimant to present medical evidence establishing the cause of his injury. Third, he argues that the administrative law judge and the Commission erred in failing to refer the claim to a medical panel to determine whether the injury was an accident. Finally, the claimant argues that the administrative law judge's decision is unreviewable because he failed to make adequate findings of fact and to demonstrate any legal analysis. In order to treat these arguments, we must first determine whether Hone's back injury is a compensable injury under section 35–1–45.

Section 35–1–45 provides for an award of benefits to an employee who is injured "by [an] accident arising out of or in the course of his employment...." The Act does not define the term "accident." Perhaps the most common type of incident constituting an accident occurs when an employee is struck by or falls against an object. An incident need not, however, involve external bodily contact to qualify as a compensable accident. An internal failure may also qualify as an accident within the meaning of the Act. *Jones v. California Packing Corp.*, 121 Utah 612, 616, 244 P.2d 640, 642 (1952).

We recently set forth the analysis we intend to follow in accident cases involving internal failures in *Allen v. Industrial Commission*, 729 P.2d 15, (Utah 1986). There, after discussing alternative definitions of the term "by accident," we cited with approval the definition of "accident" found in *Carling v. Industrial Commission*, 16 Utah 2d 260, 399 P.2d 202 (1965):

> [An accident] connotes an unanticipated, unintended occurrence different from what would normally be expected to occur in the usual course of events.... [T]his is not necessarily restricted to some single incident which happened suddenly at one particular time and does not preclude the possibility that due to exertion, stress or other repetitive cause, a climax might be reached in such manner as to properly fall within the definition of an accident as just stated above. However, such an occurrence must be distinguished from gradually developing conditions which are classified as occupational diseases....

*Id.* at 261–62, 399 P.2d at 203 (citations omitted).

We then explained that the key ingredient of an industrial accident is an unexpected occurrence. That occurrence may be *"either* the cause *or* the result of an injury." *Allen*, at 22. We expressly rejected the position that the determination of an "accident" depends upon the happening of an unusual event or occurrence such as a slip, a fall, or an extraordinary exertion. *Id.* We said that so long as "the

cause of the injury *or* the result of an exertion was different from what would normally be expected to occur, the occurrence was unplanned, unforeseen, unintended and therefore by accident." *Id.* at 22.

In determining whether a compensable accident occurred in this case, the Commission applied the legal standard from *Kaiser Steel v. Monfredi.* That case affirmed an award of workers' compensation benefits to an employee who suffered a back injury resulting from exertion or stress from shoveling coal. In *Monfredi* the Court applied the "cumulative trauma" theory from *Carling* whereby an internal failure may be an accident if it is a " 'climax' due to exertion, stress, or other repetitive cause ... in such a manner as to properly fall within the definition of an accident." 631 P.2d at 892 (quoting from *Carling,* 16 Utah at 261–62, 399 P.2d at 203). In the case at bar, the Commission distinguished *Monfredi* on the basis that Mr. Monfredi, unlike Mr. Hone, had a history of work-related accidents and a job-induced preexisting condition. That distinction is unnecessary in light of the definition of "by accident" announced in *Allen.* Whether the claimant had a preexisting condition is relevant to the issue of causation, but is not determinative of whether the injury occurred "by accident." The key question here is whether the occurrence was the unexpected cause of the injury or the unexpected result of an exertion. The evidence in this case reveals that the claimant unexpectedly and without any forewarning or anticipation injured his back while putting on his coveralls. None of the evidence indicated that the claimant had experienced repeated pain or injury as with an occupational disease or other foreseeable injury. Under these circumstances, the injury in the case at bar was "by accident."

The next step in determining whether an injury is a compensable accident requires analysis of whether the injury arose out of or in the course of employment. *Allen,* at 25. This factor requires proof of a causal connection between the injury and the working conditions. In *Allen v. Industrial Commission,* we adopted a two-part causation test proposed by Professor Larson. Under that test, we first consider the legal cause of the injury and then its medical cause. In the legal causation inquiry, we examine whether the claimant brings a preexisting condition to the employment in order to distinguish those disabilities that are more likely than not produced by a risk related to the employment from one that is caused by a personal risk that an employee with a preexisting condition brings to the workplace. *Bryant v. Masters Machine Co.,* 444 A.2d 329, 337 (Me.1982). Under this test, when the claimant has a preexisting condition, he must prove that an extraordinary or unusual exertion led to the injury. When the claimant does not suffer a preexisting condition, usual or ordinary exertion is sufficient. *Allen,* at 25. The comparison between the usual and unusual exertion is defined according to an objective standard. " 'Note that the comparison is not with *this employee's* usual exertion *in his employment* but with the exertions of normal nonemployment life of this or any other person.' " *Id.* at 26 (quoting Larson, *Workmen's Compensation* § 38.83(b) at 7–279 (1986)).

The Commission never considered the question of legal causation in this case. However, because there is sufficient evidence in the record, we will not remand on this issue. The evidence clearly indicates that the legal cause test was met in this case. The administrative law judge found that the claimant had suffered no preexisting injuries. Therefore, he needs to show only that the injury occurred during a usual or ordinary exertion. The evidence is undisputed that the claimant was injured as he began to put on "heavy and unwieldy coveralls" at work. Those coveralls were required for the outdoor construction work in which the claimant was engaged. Proof of legal causation is further substantiated by the fact that immediately after the incident the claimant saw the nurse at the

work site first aid station, where the back pain was first diagnosed.

██ The second step of the causation test requires proof of medical cause. We are unable to dispose of this question, however, because the claimant was not allowed to present any evidence of medical causation and the case was not referred to a medical panel. We therefore conclude that the administrative law judge committed reversible error in not allowing the claimant to present medical evidence pertinent to the issue of medical causation.

The claimant also argues that the administrative law judge erred in not referring his case to a medical panel. Reference to the medical panel is controlled by statute. In 1982, the legislature amended U.C.A., 1953, § 35–1–77 and changed the requirement of a mandatory referral to the medical panel to a permissive referral. Under the statute as now written, "the commission *may* refer the medical aspects of the case to a medical panel appointed by the commission." (Emphasis added.) Although referral to the medical panel is not required by statute, we believe in this case that the findings of that panel would aid the administrative law judge. *See Champion Home Builders v. Industrial Commission*, 703 P.2d 306, 308 (Utah 1985) (evidence of causal connection between work-related event and the injury may be uncertain or highly technical whereby failure to refer the case may be an abuse of discretion).

Our holding on the medical evidence issue is dispositive of this appeal. The judgment is reversed and the case remanded for a determination of medical causation and a subsequent ruling consistent with this opinion.

HOWE and ZIMMERMAN, JJ., concur.

HALL, Chief Justice: (dissenting).

For the reasons stated in my dissent in *Allen v. Industrial Commission*, 729 P.2d 15, 28–29 (Utah 1986), I do not join the Court in applying an "unexpected result"

standard to determine whether an accident occurred.

In denying compensation, the Commission specifically found:

> The testimony offered at the time of the Hearing indicates that, although some stress occurred in getting to the work site, the incident precipitating the injuries was the everyday action of getting into a suit of heavy and unwieldy coveralls. No accident occurred during the periods of exertion immediately prior to the precipitating event.

> The facts of this case clearly support the foregoing findings of fact and the conclusion to be drawn therefrom that no accident occurred.

I would affirm the order of the Commission.

STEWART, J., concurs in the dissenting opinion of HALL, C.J.