**SPECIALTY CABINET CO., INC., and/or State Insurance Fund, Plaintiffs,**

v.

**Mark A. MONTOYA, Industrial Commission of Utah, and Second Injury Fund, Defendants.**

**UTAH TECHNICAL COLLEGE and State Insurance Fund, Plaintiffs,**

v.

**William S. MARCHANT and Industrial Commission of Utah, Defendants.**

**Nos. 19895, 20051.**

Supreme Court of Utah.

Nov. 28, 1986.

Fred R. Silvester and James R. Black, Salt Lake City, for plaintiffs.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, Gilbert A. Martinez, Richard S. Clark, II, Provo, for defendants.

ZIMMERMAN, Justice:

The State Insurance Fund and the employers involved in the two cases here decided, Specialty Cabinet and Utah Technical College, appeal from allowance of workers' compensation benefits to Mark Montoya and William Marchant under U.C.A., 1953, § 35-1-45 (1974 ed. & Supp.1986). The question in each case is whether the employee suffered an injury "by accident arising out of or in the course of his employment." Both cases are ruled by the holding in our recent case of *Allen v. Industrial Commission*, Utah, 729 P.2d 15 (1986). Based upon *Allen*, we hold that these employees were both injured "by accident" and that their injuries occurred "in the course of [their] employment," thus entitling them to benefits.

Claimant Montoya, a shop foreman for Specialty Cabinet Company since December

---

**1.** The issue was squarely presented in *General Oil,* but we relied on the dicta in *Wood* rather than analyzing the issue.

of 1980, began feeling pain in his back on June 14, 1983, while at work. Although his testimony is unclear in part, its general thrust is that the pain did not result from any specific event or activity; rather, it developed in the course of his routine work of designing and building cabinets. Among other things, this work involved lifting and carrying 4' x 8' sheets of particle board and cutting them to specific sizes. At his hearing before the administrative law judge, Montoya testified without contradiction that each sheet of particle board weighed between sixty and eighty pounds and at least more than a similar-sized piece of gypsum board or, as it is commonly known, sheet rock.

On June 15th, Montoya went to work, but left at midday, at his employer's suggestion, because of increasing pain in his back. On June 17th, when the pain had radiated from his back into his right leg, Montoya sought treatment at Holy Cross Hospital. He was off work because of his back injury until June 27, 1983. Montoya claimed workers' compensation benefits under section 35-1-45 for one week of missed work and for medical expenses.

The State Insurance Fund denied compensation on Montoya's claim for the reason that Montoya was "not able to pinpoint a specific incident or exact date of injury" and so there was no "accident" to satisfy the standard of section 35-1-45. The administrative law judge, however, determined that the injury was compensable under section 35-1-45 and suggested that if the law required that an accident involve a "sharp pain [which] occurs at an identifiable moment versus a pain developing over several hours or perhaps a day or two," then it would encourage claimants to fabricate their version of the events leading up to the injury, and truthful claimants such as Montoya would be unfairly penalized. The Industrial Commission denied the motion for review by a 2-1 vote, with the

Commissioner of the Workers' Compensation Division dissenting. The State Insurance Fund and Specialty Cabinet appeal.[1]

Claimant Marchant became a physical education instructor at Utah Technical College in September 1982. His duties included teaching racquetball and fitness for life classes. This involved his own participation in those classes between sixteen and nineteen hours per week. Beginning in January 1983, he began experiencing soreness in his right knee. During February 1983, he noticed a gradual loss of mobility and increased pain and restriction in his knee. On April 14, 1983, Marchant taught his normal classes and then participated in a racquetball tournament with his school team. This involved approximately seven hours of additional racquetball playing at the end of his usual day's instruction. His knee was sufficiently sore after this activity to prompt him to make an appointment with an orthopedic surgeon. Several days later, he underwent out-patient arthroscopic surgery. Marchant missed only one day from work. He sought workers' compensation benefits only for his medical expenses.

The State Insurance Fund denied coverage because the facts "clearly indicate that any difficulty with the knee was a result of a progressive situation and not the result of an accident definite as to place and time." Citing his own prior decision in *Specialty Cabinet Co. v. Montoya*, the administrative law judge reversed and held that a compensable accident had occurred and was "a climax of a series of repeated stresses to his knee that ultimately resulted in a torn medial meniscus requiring surgical repair." The Industrial Commission denied the motion for review, also by a 2-1 vote, with the Commissioner of the Workers' Compensation Division dissenting. The State Insurance Fund and Utah Technical College appeal.[2]

---

1. Specialty Cabinet forthrightly admitted, in a written response to Montoya's application for benefits, that Montoya "was involved ... in manufacturing cabinets of substantial weight" and that Montoya "suffered strained back muscles which quite obviously can re-occur [sic] as

shown by previous accident on 2/4/83" while also employed at Specialty Cabinet.

2. Marchant's claim is wholly supported by his employer. In a letter to the Workers' Compensation Division, Utah Technical College said that

These cases, with similar factual circumstances and identical conclusions of law by the administrative law judge, both involve the troublesome problem of determining whether internal failures satisfy the "by accident" standard of section 35–1–45. The State Insurance Fund and the employers argue that in order to be compensable as an injury by accident, the precipitating event must be a time-definite, identifiable, and unusual occurrence and not simply something which happens within the normal stresses and strains of the employment activity. In support of this position, they rely on the *Redman* line of cases, including *Pintar v. Industrial Commission*, 14 Utah 2d 276, 382 P.2d 414 (1963); *Redman Warehousing Corp. v. Industrial Commission*, 22 Utah 2d 398, 454 P.2d 283 (1969); *Church of Jesus Christ of Latter-day Saints v. Industrial Commission*, 590 P.2d 328 (Utah 1979); *Farmers Grain Co-op v. Mason*, 606 P.2d 237 (Utah 1980); *Sabo's Electronic Service v. Sabo*, 642 P.2d 722 (Utah 1982); and *Billings Computer Corp. v. Tarango*, 674 P.2d 104 (Utah 1983).

There is no doubt that this approach to the definition of "accident" finds extensive support in our past case law. However, the State Insurance Fund's own counsel quite properly points out the existence of a contrary line of authority that does not require an incident which is definite as to time and place and from which the unexpected injury results. These cases include *Purity Biscuit Co. v. Industrial Commission*, 115 Utah 1, 201 P.2d 961 (1949); *Schmidt v. Industrial Commission*, 617 P.2d 693 (Utah 1980); *Kaiser Steel Corp. v. Monfredi*, 631 P.2d 888 (Utah 1981); and *Kennecott Minerals Co. v. Industrial Commission*, 675 P.2d 1187 (Utah 1983). After reviewing both lines of cases, and arguing effectively for the application of the *Redman* standard of accident, counsel for the State Insurance Fund then makes the responsible observation that "this court must enunciate a clear standard which a precipitating event resulting in internal bodily failure in a work setting must meet

in order to be classified as an 'injury by accident' as used in Utah Code Ann., Section 35–1–45."

Following argument of these two cases, we accepted this challenge to untangle the confusion and to clarify the proper standard of a compensable accident. In *Allen v. Industrial Commission*, Utah, 729 P.2d 18 (1986), we held that "an accident is an unexpected or unintended occurrence that may be *either* the cause *or* the result of an injury." *Id.* at 20. In other words, when "either the cause of the injury *or* the result of an exertion was different from what would normally be expected to occur, the occurrence was unplanned, unforeseen, unintended and therefore by 'accident.'" *Id.* Thus, we have chosen not to retain the standard urged by the State Insurance Fund, but have relied upon the definition of "accident" which is articulated in *Carling v. Industrial Commission*, 16 Utah 2d 260, 399 P.2d 202 (1965), where we held that a compensable accident includes "the possibility that due to exertion, stress or other repetitive cause, a climax might be reached in such manner as to properly fall" within the coverage of section 35–1–45. *Id.*, 16 Utah 2d at 261, 399 P.2d at 203.

Applying this standard to the present cases, we find no difficulty in determining that the injuries to Montoya and Marchant occurred by accident. Certainly, neither Montoya nor Marchant intended that they should develop their respective problems in the course of performing their job duties, and neither did their employers (see notes 1 and 2, *supra*). Under the standard of *Allen*, their injuries were the unexpected and unintended result of exertions which occurred at work and in the course of their employment.

This conclusion, however, does not completely answer the question of whether Montoya and Marchant are entitled to benefits under section 35–1–45. As we explained in *Allen*, "The second element of a compensable accident requires proof of a causal connection between the injury and

it "concur[red] in his application," that the injury occurred in the course of school-sponsored

activity and under "the circumstances outlined by Mr. Marchant."

the worker's employment duties," and in cases involving internal failures, "the key issue is usually one of causation." *Allen v. Industrial Commission,* 729 P.2d at 20–21. This requirement of causation is necessary to prevent an employer from becoming the insurer of all its employees for injuries which just coincidentally happen at work without any connection with work conditions or activity. *Id.* at 22.

The test of causation requires the proof of both legal cause and medical cause. In discussing legal cause, we concluded in *Allen* that "where the claimant suffers from a preexisting condition, an unusual or extraordinary exertion is required to prove legal causation. Where there is no preexisting condition, a usual or ordinary exertion is sufficient." *Id.* at 21–22 (footnote omitted). There is no indication or claim that either Montoya's or Marchant's injuries are related to any preexisting conditions. Therefore, the exertions involved here, even if they were usual or ordinary, meet the test of legal causation.

Neither party raises the issue of medical causation on appeal, and the findings of medical causation by the administrative law judge are undisputed. We note, however, that the records in both cases contain sufficient evidence to support the findings of medical causation. The lifting and handling of 4′ x 8′ sheets of particle board that weigh upwards of eighty pounds each was required of Montoya as part of his job and certainly was a work-related exertion, as was the moving and handling of what Montoya's employer termed "cabinets of substantial weight." His symptoms became apparent during work, and he once was sent home early and once went to the hospital as a direct result of those symptoms, which worsened as he continued to work. As for Marchant, he engaged in strenuous physical activity as part of his job as a physical fitness instructor. Much of this activity involved the bending and twisting of his knees. His symptoms also occurred in coincidence with his work and increased in severity over time as he continued that same work activity. He sought treatment for the condition immediately after the pain grew worse following his participation in one day in both a seven-hour racquetball tournament and three or four hours of physical education classes.

Thus, the legal and medical causation requirements have been met in this case, and compensation was appropriately granted. Because of the resolution which we make of the foregoing issues, there is no reason for us to reach the issue raised by the State Insurance Fund of whether the injuries of Montoya or Marchant satisfy the definition of "occupational disease" under U.C.A., 1953, § 35–2–27(28) (1974 ed.).

The decisions of the Industrial Commission are affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.

