393 P.2d 800

**UNITED PARK CITY MINES COMPANY, a corporation, Plaintiff,**

v.

**John W. PRESCOTT and The Industrial Commission of Utah, Defendants.**

No. 10061.

Supreme Court of Utah.

July 10, 1964.

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for plaintiff.

Brayton, Lowe & Hurley, A. Pratt Kesler, Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff United Park City Mines Company seeks reversal of an order of the Industrial Commission granting defendant John W. Prescott workman's compensation on the basis of total and permanent disability.

Mr. Prescott, a man 64 years old at the time of his injury, had been employed by the plaintiff mining company and its prede-

cessor for 33 years, during the last 31 of which he had worked as a motorman on its underground railroad. On July 13, 1961, while he was engaged in uncoupling cars, the train started and he was run over by the locomotive, causing him numerous and grievous injuries. His left leg was severed through the knee joint and the bone and muscles above so badly damaged that even with amputation below the thigh he still does not have a good stump for the artificial limb he is able to wear with some difficulty.

The plaintiff concedes that Mr. Prescott is in "essentially the position of an amputee whose stump is not sufficient to permit the use of an artificial leg." But it contends that this is the defendant's only permanent injury significantly contributing to his loss of bodily function, and that he is therefore entitled only to the specific compensation of 180 weeks which the Act (Sec. 35–1–66, U.C.A.1953) provides for that injury. Plaintiff argues that the Commission has improperly combined the defendant's injury with his advanced age, and his limitation of education and other abilities to rate him as totally disabled.

 In considering the attack upon the order made these principles are to be kept in mind: that a workman may be found totally disabled if by reason of the disability resulting from his injury he cannot perform work of the general character he was performing when injured, or any other work which a man of his capabilities may be able to do or to learn to do;[1] that it is the prerogative of the Commission to find the facts and to determine the degree of disability; that we should review the evidence in the light most favorable to the findings; and if when so reviewed, there is a reasonable basis therein to support them, the findings and order should not be disturbed.[2]

The report of defendant's attending physician, Dr. Harold B. Lamb, shows that in addition to the loss of his leg, he suffered these additional injuries: comminuted fracture of the right scapula [shoulder blade]; dislocation of the right sterno-clavicular joint [breastbone-collarbone joint]; severe internal injuries to the right chest and lung, including comminuted fractures of ribs 3 through 7 on right side with attending traumatic pneumonitis; and other injuries including to the scrotum and perineum.

While it is true that the evidence shows that Mr. Prescott made very good recovery from his injuries, from their nature it is fairly inferable that he had residual limita-

1. See Caillet v. Industrial Commission, 90 Utah 8, 58 P.2d 760, and Thomas v. Industrial Commission, 95 Utah 32, 79 P. 2d 1; cf. Babick v. Industrial Commission, 91 Utah 581, 65 P.2d 1133.

2. See Sutton v. Industrial Commission, 9 Utah 2d 339, 344 P.2d 538.

 

tions other than those caused by the loss of his leg. In addition to the injuries listed above, Dr. Lamb further reported that he had "marginal cardio-vascular compensation, as well as poor pulmonary exchange." The Industrial Commission's medical advisory board reported: The Board recommends 90% loss of body function as a result of *multiple injuries*.

The Division of Vocational Rehabilitation, after examining and testing Mr. Prescott, made its report that he is "not a feasible candidate for vocational rehabilitation" and recommended that he "be considered totally and permanently disabled for employment." [3]

 From the foregoing it will be seen that there is ample basis in the evidence to justify the Commission's determination that the defendant was totally and permanently disabled. Absent any capricious or arbitrary action, the order should be, and is hereby, affirmed. Defendant Prescott is awarded his costs.

McDONOUGH, CALLISTER and WADE, JJ., concur.

HENRIOD, Chief Justice (concurring in the result).

I concur in the result, but think the report of the Division of Vocational Rehabili-

<hr>

3. Sec. 35-1-67, U.C.A.1953 requires that in cases of permanent total disability the employee be referred to the division of

tation should not be a contributing factor in the main opinion's determination to affirm the Industrial Commission's order. I take it that such report is designed to indicate whether the applicant could be made available for work by vocational training, and not to determine any physical functional rating. Such report may be in the negative, yet an applicant well might be capable of earning a living through talents not responsive or designed to be developed through stereotyped or existing vocational training facilities.

vocational rehabilitation of the state board of education.