**J. B. WARRACK COMPANY and Employers Mutual Casualty Company, Appellants,**

**v.**

**Clarence C. ROAN and Alaska Workmen's Compensation Board, Appellees.**

**No. 684.**

Supreme Court of Alaska.

Oct. 10, 1966.

---

8. See People v. Dixon, 99 Cal.App.2d 94, 221 P.2d 198, 199 (Cal.App.1950), State v. Davis, 194 Or. 248, 241 P.2d 869, 872 (1952).

John M. Conway of Atkinson, Wade & Conway, Anchorage, for appellants.

William M. Erwin and John M. Savage, Anchorage, for appellee Clarence C. Roan.

Warren C. Colver, Atty. Gen., and Michael M. Holmes, Deputy Atty. Gen., Juneau, Dorothy Awes Haaland, Asst. Atty. Gen., Anchorage, for appellee Alaska Workmen's Compensation Board.

## OPINION

Before NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The Alaska Workmen's Compensation Board awarded appellee, Clarence C. Roan, $52.65 a week as compensation for permanent total disability. The superior court affirmed the award and appellants brought

In October 1961, while Roan was in the course of his employment, a jeep in which he was riding overturned. Roan sustained multiple injuries including a broken neck, ruptured urethra, ruptured biceps muscle and an injured liver and billary tract, all of which necessitated extensive surgery and medical treatment.

It was determined from medical opinion that Roan's physical impairment was between 40 and 45 per cent. However, the Board held that Roan was entitled to total permanent disability compensation, instead of partial permanent disability compensation based on a 40 to 45 per cent physical impairment. The Board reached this conclusion on the basis that Roan was totally and permanently disabled, considering not only the extent of his injuries, but also his age, his education and the fact that there was no reasonably stable labor market in Alaska for his capabilities.

Appellants contend that since appellee was only 40 to 45 per cent physically disabled, it was necessary in order to sustain a finding of total permanent disability that Roan prove that he sought work which he was capable of doing and that such work was unavailable. Appellants say that the record does not contain any substantial evidence showing that Roan sought such work.

What appellants say as to the status of the record is true. Roan testified at the Board hearing on September 24, 1964 that he had not applied for any jobs since his injury. His comment was "What's the use, I wouldn't be able to do it."

The evidence shows that Roan was justified in the position he had taken in not seeking employment. He testified that he had a fourth grade education and could read and write very little, that he had been engaged in carpentry work for the past 20 years, that since the accident he was unable to use a hammer or saw or chop firewood or keep his house up or do any work at all, that he could feed himself but couldn't hold a fishing rod, that he had dizzy spells, that his neck bothered him all the time, that for social security purposes he was 100 per cent disabled, and that he had not heard of any light work that he could do. Seven of Roan's neighbors and acquaintances testified in substance that they doubted that Roan was capable of performing light work, that he could not perform any light task on a regular basis, and that he was unable to perform light carpentry work. Medical evidence, consisting of Dr. Hale's testimony, was that Roan could do only extremely light work—"quite light, not demanding physically, that wouldn't put a great stress on him." Dr. Hale did not know whether there were jobs available within Roan's limitations.

We believe that a reasonable mind might accept the foregoing evidence as adequate to support the conclusion that appellee was permanently and totally disabled within the meaning of the workmen's com-

pensation statute,[1] and therefore that the Board's finding to that effect was supported by substantial evidence.[2]

■ For workmen's compensation purposes total disability does not necessarily mean a state of abject helplessness. It means the inability because of injuries to perform services other than those which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist.[3] The evidence here discloses that Roan is a carpenter but is unable physically to follow that trade. He is not qualified by education or experience to do other than odd jobs provided they are not physically taxing. As the Supreme Court of Nebraska has pointed out, the "odd job" man is a nondescript in the labor market, with whom industry has little patience and rarely hires.[4] Work, if appellee could find any that he could do, would most likely be casual and intermittent. In these circumstances we believe the Board was justified in finding that appellee was entitled to an award for permanent total disability under the Alaska Workmen's Compensation Act.[5]

At the hearing of September 24, 1964 the Board found that Roan had a previous back injury incurred in California in 1952 which had resulted in a 40 per cent loss of motion of the back. In finding that Roan was totally disabled, the Board determined that because of the pre-existing back injury appellants were responsible for only one-half of Roan's permanent total disability, and that the compensation for the remaining half would be paid from the Second Injury Fund of the State of Alaska. However, the Board directed appellants to pay the total weekly compensation of $52.65 and then to bill the Alaska Department of Labor every six months for a 50 per cent reimbursement from the Second Injury Fund. Appellants claim that this provision of the Board's order was contrary to law.

■ A disability aggravated by a previous disability is provided for in AS 23.30.-205(a) as follows:

If an employee receives an injury which of itself would only cause a specific permanent partial disability but which, combined with a previous disability, does in fact cause either permanent total disability, or permanent partial disability greater than would have been the result of the subsequent injury alone, the employer shall provide compensation only for the disability caused by the subsequent injury. In addition to compensa-

1. AS 23.30.180 provides:

   *Permanent total disability.* In case of total disability adjudged to be permanent 65 per cent of the average weekly wages shall be paid to the employee during the continuance of the total disability. Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two of them, in the absence of conclusive proof to the contrary, constitutes permanent total disability. In all other cases permanent total disability is determined in accordance with the facts.

2. Thornton v. Alaska Workmen's Compensation Bd., Opinion No. 327, 411 P.2d 209, 210 (Alaska 1966); R.C.A. Serv. Co. v. Liggett, 394 P.2d 675, 677 (Alaska 1964); Forth v. Northern Stevedoring & Handling Corp., 385 P.2d 944, 948 (Alaska 1963).

3. Phillips Petroleum Co. v. Alaska Industrial Bd., 17 Alaska 658, 666–669 (D.Alaska 1958); Lee v. Minneapolis St. Ry., 230 Minn. 315, 41 N.W.2d 433 (1950); Phelps Dodge Corp., Morenci Branch v. Industrial Comm'n, 90 Ariz. 379, 368 P.2d 450, 453–454 (1962); United Park City Mines Co. v. Prescott, 15 Utah 2d 410, 393 P.2d 800, 801–802 (1964); Romero v. H. A. Lott, Inc., 70 N.M. 40, 369 P.2d 777, 779 (1962); Wheeler v. Northwestern Metal Co., 175 Neb. 841, 124 N.W.2d 377, 386 (1963); Elliott v. Gooch Feed Mill Co., 147 Neb. 309, 23 N.W.2d 262, 266 (1946); Kuhnle v. Department of Labor & Indus., 12 Wash.2d 191, 120 P.2d 1003, 1006 (1942); 2 Larson, Workmen's Compensation § 57.51, at 25–26 (1961).

4. Wheeler v. Northwestern Metal Co.; Elliott v. Gooch Feed Mill Co., supra note 3.

5. Id.; Phelps Dodge Corp., Morenci Branch v. Industrial Comm'n, supra note 3.

tion for the subsequent permanent partial disability, and after the cessation of the payments for the prescribed period of weeks for both the permanent total disability and permanent partial disability, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. The additional compensation shall be paid out of the second injury fund * * *.[6]

The Board's conclusion that appellants were responsible for only one-half of Roan's permanent total disability is equivalent to a finding that the injuries received by Roan while working for appellant, J. B. Warrack Co., resulted in a 50 per cent permanent partial disability. Under the express terms of AS 23.30.205(a), quoted above, appellants therefore are required to provide compensation only for such 50 per cent permanent partial disability and not for a permanent total disability.[7] The amount of compensation that appellants were obliged to pay was 65 per cent of the difference between Roan's average weekly wages and his wage earning capacity after the injury.[8] Since Roan was totally disabled, he had no wage earning capacity following the injury, and therefore the amount of compensation that appellants were required to pay was 65 per cent of the average weekly wage of $81, or $52.65 a week.[9]

■ But such payments do not go on indefinitely. There is a statutory limitation to appellant's responsibility for payment of compensation. AS 23.30.155(*l*)

provides that in case of a compensable, permanent partial disability, "the total compensation for that disability, and for a temporary total disability or temporary partial disability sustained in addition to it, may not exceed in the aggregate the sum of $17,000." What the Board did was to order appellants to pay Roan $52.65 a week without limitation, and then to "forward a billing at six month intervals to the Alaska Department of Labor for reimbursement by the Second Injury Fund of its share of the compensation paid and legal expense." The net effect of this was to require appellants to pay Roan the sum of $26.33 a week for an indefinite period of time. This was a mistake. What the Board should have required was that appellants pay the sum of $52.65 as weekly compensation until the limitation of $17,000 under AS 23.30.155(*l*) had been reached, and that thereafter Roan's compensation be paid from the Second Injury Fund under the provisions of AS 23.30.205(a).

With respect to attorney fees, the Board's decision contained the following provisions:

> The defendant is to. pay the $52.65 compensation weekly and is to forward a billing at six month intervals to the Alaska Department of Labor for reimbursement by the Second Injury Fund of its share of the compensation paid and legal expense.
>
> *   *   *   *   *   *
>
> Counsel for the applicant is entitled to statutory attorney fees based on compensation received under this award.

6. The language of this statute "for the prescribed period of weeks for * * * the *permanent* total disability" makes no sense. [Emphasis added.] First of all, compensation for permanent total disability is not payable for any prescribed period of weeks, but during the continuance of the total disability. AS 23.30.180. Secondly if payments for permanent total disability were to cease, it would be because the total disability had ended, and in such case there would be no "remainder of * * * compensation * * * due for permanent total disability."

7. This is the result reached by the United States Supreme Court construing a similar provision in the Longshoremen & Harbor Workers' Compensation Act, 33 U.S.C.A. § 908(f), 44 Stat. 1429 (1927). Lawson v. Suwannee Fruit & S.S. Co,. 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949).

8. AS 23.30.190(20).

9. AS 23.30.175(b) provides in part: In computing compensation for permanent total disability the average weekly wages are considered to have been not more than $81.

\* \* \* \* \* \*

Defendant and the Second Injury Fund are to pay compensation and legal fees as outlined in this award.

In view of the fact that the Board decided that appellants were responsible for only one-half of Roan's permanent disability compensation and the Second Injury Fund, the other half, the meaning of the above quoted portions of the Board's decision is that appellants were required to pay attorney fees based on one-half of the total weekly compensation of $52.65, that is, on the sum of $26.33 a week, and that the Second Injury Fund should be liable for attorney fees based on the same weekly amount. This is contrary to appellants' assertion that the decision of the Board required appellants to pay attorney fees based on compensation due from the Second Injury Fund.

The remaining question is whether the Board was authorized to assess against appellants attorney fees, in addition to the compensation awarded, based on the amount of compensation we have held as due to be paid by appellants, that is, the sum of $52.65 a week until total compensation under AS 23.30.155($l$) has reached the sum of $17,000. The answer to this question depends principally upon an interpretation of AS 23.30.145(a) which provides, in pertinent part:

> When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded.

Roan's claim for permanent total disability compensation was controverted by appellants. This means, under the above statute, that the Board had the right to direct that fees for legal services be paid in addition to the compensation awarded. However, the statute provides that the fees may be allowed only on "the amount of compensation controverted and awarded." Prior to the Board's decision, appellants had recognized their responsibility to pay appellee permanent partial disability compensation based on a medical evaluation of 40 per cent permanent disability, which compensation amounted to $22.67 a week. Appellants had offered to pay that compensation in weekly amounts of $50, $75 or $100, based on what Roan preferred, up to the maximum of $17,000 under AS 23.30.-155($l$). Therefore, the obligation to pay that amount which we have held appellants liable for was not controverted by appellants. Consequently, under the statute, AS 23.30.145(a), no attorney fees could be allowed on the amount that appellants were obliged to pay. Attorney fees on amounts of compensation over and above what appellants are required to pay would not be the responsibility of appellants. The Board was in error in requiring appellants to pay attorney fees based on the compensation for permanent total disability awarded to Roan.

The Alaska Workmen's Compensation Board's order and award of December 3, 1964 and the judgment of the superior court affirming such order and award are set aside. The case is remanded to the superior court with directions to remand to the Alaska Workmen's Compensation Board for the entry of a new order and award consistent with the views expressed in this opinion.