502 P.2d 118

**Ivan B. EVANS, Jr., Plaintiff,**

**v.**

**INDUSTRIAL COMMISSION of Utah et al., Defendants.**

**No. 12794.**

Supreme Court of Utah.

Oct. 19, 1972.

E. H. Fankhauser and Paul N. Cotro-Manes, of Cotro-Manes, Fankhauser & Beasley, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Frank J. Allen, Salt Lake City, for defendants.

HENRIOD, Justice:

Review of an Industrial Commission's reduction to 5% of a trial examiner's order for an award of 20% permanent partial disability after a hearing resulting from applicant's objection to a medical panel's report, provided for under Title 35–1–77, Utah Code Annotated 1953. Affirmed.

The applicant here apparently had a latent ailment which was not detectable by any symptoms prior to the industrial injury he suffered and for which he seeks an award in the amount based on a percentage permanent, partial disability which the trial examiner concluded was 20%. The medical panel concluded that 15% of the disability was attributable to a latent or asymptomatic condition called spondylolisthesis, a vertebral discrepancy, or minor slippage. Such latent condition did not reveal itself until after the accident, according to some of the evidence, but other evidence reflected a previous childhood paraplegia and treatment for back ailment. The trial examiner seems honestly to have arrived at his conclusion on an aggravation or lighting up of a pre-existing condition theory. The record necessarily does not make it imperative to arrive at such a constricted assumption or conclusion, but perhaps the opposite,—that the accident itself caused a 5% disability, and the 15% spondylolisthesis persisted as it has for many years, beginning in childhood, and that it was something not lighted up in an accident, without unprovocative proof.

At any rate, under our Workmen's Compensation concept, and its implementing statutes, supplementary income for an injured employee is of course important, but the Commission's decision is paramount to that of its trial examiners, unless obviously erroneous and unsupported, and if this were not so, no necessity would require continued life of the Commission at taxpayers' expense. The Commission on the entire record not only may, but must, affirm or reject the trial examiner's conclusion. That is its function. If such findings are supported by substantial evidence there is no statutory or policy

rule that could justify our tampering with the Commission's conclusion or to justify any determination that the trial examiner's order sanctions any greater qualitative credence than that of the Commission or us. We think this is that kind of case where we must affirm if there is substantial admissible and pertinent evidence from which a reasonable person could have concluded as did the Commission.

This type of case, where an employee is injured and no doubt needs help, and where society might, if possible, under existing law, furnish help,—taxes the emotions of people in the judicial department. It suggests an urgence to overrule administrative agencies charged with processing these claims, so as to provide relief without statutory sanction, to which we cannot succumb.

█ We conclude here that however sincerely someone else may differ on evidence that justifies the Commission's conclusion, we must affirm.

This does not appear to be a case of lighting up or aggravation of a pre-existing condition but an adding of 5% to an infirmity that has persisted from childhood, where, without the 5% award would have persisted anyway. It seems almost fortunate that the 5% permanent partial disability awarded by the Commission was determined at all in light of the significant statement of the Chairman of the Medical Panel who opined that "The panel felt

that most of this 20% pre-existed, because the defects were there, but felt that he ought to have at least 5% because of the accident" and that "in the judgment of the three members of the panel, we felt this was fair" and "we debated whether to give him any impairment because of the accident because the spondylolisthesis was already present."

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.