Norma CLARK, Plaintiff,

v.

INTERSTATE HOMES, INC., and State Insurance Fund, and Industrial Commission of Utah, Defendants.

No. 16337.

Supreme Court of Utah.

Dec. 24, 1979.

Mikel M. Boley of Blackham & Boley, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., M. David Eckersley of Black & Moore, Salt Lake City, for defendants.

STEWART, Justice:

The Industrial Commission granted the plaintiff, Norma Clark, workmen's compensation benefits based on 30 percent permanent partial disability. Plaintiff sought a total permanent disability rating or, in the alternative, an increase of the partial disability rating to 35 percent. She also sought an order requiring defendants to pay for a weight loss clinic program. The Commission denied these requests, and plaintiff filed a writ of review. The Commission's order is affirmed.

In March 1977, while employed by defendant Interstate Homes, Inc., plaintiff suffered an industrial accident. She was subsequently treated by several physicians for back and leg problems, including persistent pain. The State Insurance Fund, the workmen's compensation carrier for plaintiff's employer, paid plaintiff temporary total disability compensation and also paid for medical expenses from the time of her accident until January 11, 1978.

To resolve the disputed issue as to the extent of plaintiff's permanent disability, her case was heard by an administrative law judge and submitted to Dr. Boyd Holbrook, who alone constituted the medical panel in this case. Dr. Holbrook found

plaintiff to be suffering from a 20 percent permanent loss of bodily function. A further hearing on plaintiff's objections, at which additional medical testimony was given by Dr. Robert Lamb, resulted in a revised finding of 25 percent permanent disability, and on review the Commission as a whole increased the figure to 30 percent. Plaintiff now contends that the Commission erred in its determination of the amount of her entitlement to workmen's compensation benefits.

Plaintiff claims to be permanently and totally disabled because she is unable to return to her former employment. However, her doctor testified that she "could handle a sedentary type of work," and the percentage of disability found after full consideration of the evidence by the Commission does not compel a determination that plaintiff's disability as to employment is total.

This Court has recognized the principle that a workman may be found totally disabled if by reason of the disability resulting from his injury he cannot perform work of the general character he was performing when injured, or any other work which a man of his capabilities may be able to do or to learn to do . . .
*United Park City Mines Co. v. Prescott*, 15 Utah 2d 410, 412, 393 P.2d 800, 801–02 (1964).

There is no evidence to support a finding that plaintiff is so handicapped as to be unable to perform or obtain any type of employment. There is substantial support in the record for the Commission's rating of plaintiff's disability.

It is fundamental that a determination as to permanent disability is a factual question for the Commission to resolve, and that determination will not be set aside by this Court unless there is no substantial evidence in the record to support it, *Evans v. Industrial Commission*, 28 Utah 2d 324, 502 P.2d 118 (1972); §§ 35–1–84 and 85 U.C.A. (1953), as amended.

Plaintiff relies on § 35–1–81 U.C.A. (1953), as amended, for her request that her employer pay for treatments at a weight loss clinic. That section provides that "the employer . . . shall also be required to pay such reasonable sum for medical, nurse and hospital services . . . as may be necessary to treat the patient as in the judgment of the industrial commission may be just." The treatment requested by plaintiff is not encompassed by the statutory language "medical, nurse and hospital services," at least in the absence of evidence showing the medical necessity therefor. The Commission's denial of an award for weight loss treatment is not arbitrary or unreasonable and is therefore sustained.

There is substantial evidence in the record to support the findings, and the order of the Commission is in accord with applicable law. The order is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.