**USX CORPORATION (Self–Insured), Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH, and Dick Lawrence Brown, Respondents.**

Nos. 890011–CA, 890166–CA.

Court of Appeals of Utah.

Oct. 17, 1989.

■

James M. Elegante and William J. Evans, Salt Lake City, Christopher A. Conkling, San Francisco, Cal., for petitioner.

Sherlynn White Fenstermaker, Salt Lake City, for respondents.

Before Judges DAVIDSON, BILLINGS, and GARFF.

## OPINION

BILLINGS, Judge:

Petitioner USX Corporation ("USX") appeals from the Industrial Commission's ("Commission") order granting Mr. Brown permanent total disability claiming, among other related grounds, that the Commission's decision is contrary to the medical evidence in the record. We affirm.

## FACTS

Respondent Dick Brown was hired by USX in 1965 and worked as a laborer, heavy equipment operator, and a truck driver. Mr. Brown had two industrial accidents in 1984 injuring his back, knee, and hips.

On July 7, 1986, Mr. Brown suffered yet another industrial accident which is the subject of this appeal. Mr. Brown, attempting to avoid a sidecar, climbed onto a pile of coke and fell and struck his lower back on a piece of angle iron. He injured his back, his right elbow, right knee, right hip, and right shoulder. He has not returned to any type of work since this accident.

As a result of his 1986 industrial accident, Mr. Brown filed a claim for permanent and total disability with the Commission. The administrative law judge referred Mr. Brown's claim for disability to a medical panel for review. In addition to medical testimony concerning his industrial accident, the medical panel received evidence that Mr. Brown suffers from degenerative rheumatoid arthritis. However, no treatment had been prescribed or administered for this condition prior to Mr. Brown's hearing before the medical panel.

The medical panel assigned a 15% permanent *impairment* rating to Mr. Brown's back problem with 10% of that attributable to the industrial accident and 5% attributable to the aggravation of Mr. Brown's pre-existing back condition. However, the medical panel concluded its report with the following statement:

> It should be mentioned that the Panel felt that Mr. Brown would never be able to return to the work force in any capacity unless he has significant remission in his rheumatoid disease. With a remission he would still not be able to do anything that required light labor.

Neither USX nor Mr. Brown objected to the medical panel report. Dr. Geoffrey Orme, USX's evaluating physician, concluded Mr. Brown was "permanently disabled with his back from doing manual labor."

The Division of Rehabilitation Services in March 1988 found that Mr. Brown, because of his age, education, and physical limitations, was not employable.

Based on the foregoing medical evidence, the administrative law judge concluded that only 15% of Mr. Brown's permanent and total disability was a result of his industrial accident and that his remaining permanent disability was a result of his rheumatoid arthritis.

Mr. Brown filed a Motion for Review with the Commission arguing that the medical panel report mandated an award of permanent and total disability because, even without his arthritis, he would still have been permanently and totally disabled. On review the Commission awarded Mr. Brown permanent and total disability.

USX appeals from the Commission's Order arguing (1) the medical evidence does not support the Commission's decision that Mr. Brown's industrial accident was the medical cause of his permanent and total disability, or the Commission by its arbitrary interpretation of the medical panel report denied USX due process, and (2) the Commission failed to comply with Utah Code Ann. § 63–46b–10(1) (1989) since it did not state the reasons for its finding of permanent and total disability.

## STANDARD OF REVIEW

The application for hearing in this case was filed prior to the effective date of the Utah Administrative Procedures Act ("UAPA").[1] Thus we review the Commission's decision under Utah Code Ann. §§ 35–1–84(2) to 35–1–85 (1974) (repealed 1987, repeal effective January 1, 1988).[2]

---

1. The first Application for Hearing by Mr. Brown was filed with the Commission on February 10, 1987, and two additional applications were filed on March 5, 1987. The hearing was held on June 8, 1987.

    Under section 63–46b–22(1) (1989), the UAPA is applicable only to proceedings commenced on or after January 1, 1988. Section 63–46b–22(2) (1989) provides:

    > Statutes and rules governing agency action, agency review, and judicial review that are in effect on December 31, 1987, govern all agency adjudicative proceedings commenced by or before an agency on or before December 31, 1987, even if those proceedings are still pending before an agency or court on January 1, 1988.

    It is clear the UAPA does not apply to this case.

2. Utah Code Ann. § 35–1–84 (1974) provides, in part:

    > Upon such review the court may affirm or set aside such award, but only upon the following grounds:
    >
    > (1) That the commission acted without or in excess of its powers;
    >
    > (2) That the findings of fact do not support the award.

    Utah Code Ann. § 35–1–85 (1974) provides, in part:

    > The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission.

Under these provisions the Commission's findings of fact are afforded a broad degree of deference, and its findings will not be disturbed unless they are "arbitrary and capricious." *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n,* 658 P.2d 601, 608–09 (Utah 1983). We sustain the Commission's findings of fact under this standard "if 'there is *evidence of any substance whatever* which can reasonably be regarded as supporting the determination made....'" *Id.* at 609 (quoting *Kennecott Copper Corp. Employees v. Department of Employment Sec.,* 13 Utah 2d 262, 372 P.2d 987, 989 (1962)). This standard is more deferential to the Commission's findings of fact than the "substantial evidence" test of the Utah Administrative Procedures Act. *See Grace Drilling Co. v. Board of Review,* 776 P.2d 63, 67 (Utah Ct.App.1989).

Other well-accepted principles of judicial review also support an affirmance of the Commission's award of permanent and total disability to Mr. Brown. While the Commission may adopt the findings and/or conclusions of the administrative law judge, it is not bound by those findings and may interpret the same record to reach a different factual or legal conclusion.[3] The Utah Supreme Court has stated:

> Our statutes do not mandate or indicate that the Commission is bound by the findings of the Administrative Law Judge when the evidence is conflicting. On the contrary, Section 35–1–82.54 provides that when a case is referred to the full Commission, it shall review the entire record, and may make its own findings of fact and enter its award thereon.... [T]here is nothing in our statutes which limits the power of the Commission itself in reviewing and adopting or reversing the findings of its Administrative Law Judge.

*United States Steel Corp. v. Industrial Comm'n,* 607 P.2d 807, 810 (Utah 1980).

Furthermore, to facilitate the purposes of the legislation, the Workers' Compensation Act is to be liberally construed and any doubt as to compensation is to be resolved in favor of the applicant. *State Tax Comm'n v. Industrial Comm'n,* 685 P.2d 1051, 1053 (Utah 1984); *McPhie v. Industrial Comm'n,* 567 P.2d 153, 155 (Utah 1977).

Guided by these standards, we must determine if there is evidence of any substance to support the Commission's conclusion that Mr. Brown's 1986 industrial accident caused his permanent and total disability.

## MEDICAL CAUSATION

USX does not claim Mr. Brown did not suffer an industrial accident in 1986, but claims this accident was the medical cause of only 15% of his permanent and total disability with the remaining disability a result of his rheumatoid arthritis. USX argues there is no medical evidence to support the Commission's conclusion that Mr. Brown's industrial accident caused 100% of his permanent and total disability. In short, USX challenges the Commission's conclusions on medical causation.

To satisfy medical causation, Mr. Brown "must show by evidence, opinion, or otherwise that the [1986 industrial accident] led to the resulting injury or disability," *Allen v. Industrial Comm'n,* 729 P.2d 15, 27 (Utah 1986), or the 1986 industrial accident aggravated or lit up a pre-existing disease or injury. *Id.* at 25 (quoting *Powers v. Industrial Comm'n,* 19 Utah 2d 140, 427 P.2d 740, 743 (1967)). *See also Large v. Industrial Comm'n,* 758 P.2d 954, 956 (Utah Ct.App.1988) (quoting A. Larson, 2 *Workmen's Compensation Law* § 59.22(b) (1987)). Mr. Brown does not claim that his July 7, 1986, industrial accident lit up his arthritis. In fact, it is not clear from the medical testimony when the arthritis be-

---

3. USX argues that the Commission adopted the administrative law judge's findings of fact in its order and thus is barred from reaching the different ultimate conclusion that Mr. Brown was permanently and totally disabled because of his industrial injuries. We disagree. If the Commission can reject basic findings of fact made by the administrative law judge, it can certainly come to a different ultimate factual or legal conclusion as to disability, especially when the basic findings of fact are inconsistent or subject to different reasonable interpretations.

came a problem or the extent of the problem.

Likewise USX does not challenge the finding that Mr. Brown was not a feasible candidate for rehabilitation and thus is presently permanently and totally disabled. *See United Park City Mines Co. v. Prescott,* 15 Utah 2d 410, 393 P.2d 800, 801–02 (1964). Rather, USX claims that the cause of his permanent total disability is his arthritis, not his industrial injuries.

■ Thus this controversy centers on the legal effect of Mr. Brown's arthritis. In this context, we note that a subsequently occurring unrelated disease does not render an industrial injury noncompensable.

> The Judge must "carve out" the unrelated anatomical impairment if he finds it is presently causing disability. He is then free to apply the pertinent wage earning capacity factors to the residual anatomical impairment in order to arrive at the correct degree of permanent disability which is compensable.

*State Dep't of Pub. Health v. Wilcox,* 458 So.2d 1207, 1210 (Fla.Dist.Ct.App.1984) (quoting *Lancaster Youth Dev. Center v. Waters,* IRC Order No. 2–3706 (Feb. 21, 1979)).

USX claims the Commission's finding of permanent total disability is based on an arbitrary and capricious interpretation of the medical panel report. The relevant portion of the report concluded:

> It should be mentioned that the Panel felt that Mr. Brown would never be able to return to the work force in any capacity unless he has significant remission in his rheumatoid disease. With a remission he would still not be able to do anything that required light labor.

In interpreting this section of the medical panel report, the Commission stated:

> The Commission reads these concluding comments to mean that the Panel found

the applicant's rheumatoid arthritis to be significant, but that even without the arthritis, the applicant was considered basically unemployable. This combined with the Rehabilitation Services [sic] conclusions that the applicant lacked reasonable work alternatives outside the manual labor field, causes the Commission to find that the applicant is permanently totally disabled.

· [4, 5] We cannot say that the Commission's interpretation of the medical panel report was arbitrary and capricious. Although there are conflicting statements within the medical panel report which might be read to support USX's claim that only 15% of Mr. Brown's permanent total disability was caused by his industrial injuries, we will not reverse the Commission because it has chosen to rely on one portion of the report and reject other inconsistent portions.

Furthermore, the portion of the report relied upon by USX deals with impairment rating not disability. The medical panel gave a 15% impairment rating from the industrial accident in answer to explicit questions put to the medical panel dealing with the issue of impairment, not disability. We are persuaded that a reasonable construction of the medical panel report supports the Commission's conclusion that "carving out" his arthritis, Mr. Brown would still be permanently and totally disabled because of back problems from his 1986 industrial accident.

USX further claims it was denied a right to cross-examine the medical panel under Utah Code Ann. § 35–1–77(2)(e) (1988) [4] to clarify the ambiguity in the medical panel report relied upon by the Commission. We need not reach this troublesome, due process issue discussed by Justice Stewart in his dissent in *Moore v. American Coal Co.,* 737 P.2d 989, 991 (Utah 1987), because USX failed to object to the medical panel report before the Commission below.[5]

---

4. Utah Code Ann. § 35–1–77(2)(e) (1988) provides: "If objections to the report are filed, the commission may set the case for hearing to determine the facts and issues involved."

5. We do not agree with USX that this case constitutes an extraordinary circumstance justi-

fying an exception to the general rule that "[o]rdinarily questions not raised in an administrative tribunal are not subject to judicial review." *Alvin G. Rhodes Pump Sales v. Industrial Comm'n,* 681 P.2d 1244, 1249 (Utah 1984).

Furthermore, there was additional medical evidence before the Commission to support its conclusion that Mr. Brown's 1986 industrial injury caused 100% of his permanent disability. Mr. Brown has not returned to work since the 1986 industrial accident. Dr. Orme, USX's hired expert, reported that Mr. Brown's back alone prevented him from performing even light labor, stating:

> He is probably permanently disabled with his back from doing manual labor. His other problems also preclude it, but I think his back in and of itself, probably precludes lifting more than 20 lbs. now or in the future as recommended by Dr. Samuelson for his hips.

Rehabilitation Services found that Mr. Brown was not employable at his age in his limited physical condition. In sum, there is sufficient evidence in the record to support the Commission's conclusion that Mr. Brown's 1986 industrial injury caused his permanent total disability.

## UTAH ADMINISTRATIVE PROCEDURES ACT

USX further argues that the Commission did not comply with section 63–46b–10(1) (1989) of the Utah Administrative Procedures Act because the Commission did not give a statement of the reasons for the Commission's finding that the 1986 industrial accident caused Mr. Brown's permanent total disability. Section 63–46b–10(1) provides in part:

> [T]he presiding officer shall sign and issue an order that includes:
>
> (a) a statement of the presiding officer's findings of fact based exclusively on the evidence of record in the adjudicative proceedings or on facts officially noted;
>
> . . . .
>
> (c) a statement of the reasons for the presiding officer's decision. . . .

We need not reach this issue as we find the UAPA is not applicable to this case.[6]

6. *See, supra* note 1.

Based upon the foregoing, we affirm the order of the Industrial Commission.

DAVIDSON and GARFF, JJ., concur.